# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 7** |
| | ) | **Case No. 13-33371** |
| **TERRENCE MOOTOO,** | ) | |
| | ) | **Hon. Jacqueline P. Cox** |
| Debtors. | ) | **Hearing:  Thurs., 01/14/16 @ 9:30 a.m.** |

## NOTICE OF MOTION

TO: SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on **Thursday, January 14, 2016** at **9:30 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Jacqueline P. Cox, presiding in Courtroom 680, in the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the **Application of Trustee's Attorneys for the Allowance of Final Compensation and Reimbursement of Expenses** and shall seek entry of an order in accordance therewith.

/s/ Norman B. Newman
Norman B. Newman, Trustee

Norman B. Newman, ARDC No. 02045427
MUCH SHELIST, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: 312.521.2000
Facsimile:  312.521.2100

## CERTIFICATE OF SERVICE

Norman B. Newman, an attorney, hereby certifies that on December 2, 2015, he electronically filed this Application for Compensation with the Clerk of the Court via the Court's CM/ECF system which will send electronic notification to those individual registered to receive notice.

/s/Norman B. Newman

## <u>SERVICE LIST FOR</u>

Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604

Terrence Mootoo
489 Good Avenue
Des Plaines, IL 60016

Joseph Doyle
Bizar & Doyle, LLC
123 W. Madison Street, #205
Chicago, IL 60602

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 7** |
| | ) | **Case No. 13-33371** |
| **TERRENCE MOOTOO,** | ) | **Hon. Jacqueline P. Cox** |
| | ) | **Hearing:  Thurs., January 14, 2016** |
| **Debtors.** | ) | **@ 9:30 a.m.** |

## APPLICATION OF TRUSTEE'S ATTORNEYS FOR THE
## ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

Much Shelist, P.C. ("Much Shelist"), attorneys for Norman B. Newman, not individually but solely as the Chapter 7 Trustee herein (the "Trustee"), moves this Court, pursuant to Sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, for the allowance of final compensation and reimbursement of expenses for services rendered during the period May 5, 2014 through November 4, 2015.  In support of this Application, Much Shelist respectfully states as follows:

1.      On August 21, 2013, the Debtor filed his petition for relief under Chapter 11 of the Bankruptcy Code.

2.      On April 29, 2014, the Debtor's Chapter 11 case was converted to a case under Chapter 7 of the Bankruptcy Code.  The Trustee was subsequently appointed interim Trustee.

3.      On May 14, 2014, this Court entered an Order authorizing the Trustee to employ Much Shelist as his attorneys in this case.  This application includes legal services rendered by the Trustee.  Mr. Newman has taken care to distinguish his legal services from his Trustee services.  Attached hereto as Exhibit "A" is an itemization of Mr. Newman's Trustee services. Much Shelist is not seeking compensation for the services listed on Exhibit "A" attached hereto. Mr. Newman has filed a separate Trustee's Application for Compensation and Expenses.

4.      Other than as permitted under Section 504 of the Bankruptcy Code, Much Shelist

has no agreement with any person or firm whatsoever with regard to its compensation in this

case.  To date, Much Shelist has received no amounts whatsoever for services it has rendered in

this case.

5.      Much Shelist provided 67.60 hours of services on behalf of the Trustee during the

time period covered by this application.  The following is a summary of time expended, by

individual, during the time period covered by this application:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 39.30 hrs. | $625.00/hr. | $24,562.50 |
| John A. Benson, Jr. | 25.80 hrs. | $350.00/hr. | 9,030.00 |
| Jeffrey L. Gansberg | .40 hrs. | $430.00/hr. | 172.00 |
| Jeffrey M. Schwartz | .90 hrs. | $575.00/hr. | 517.50 |
|  |  |  |  |
| **Paralegal** |  |  |  |
| Sandy Holstrom | 1.20 hrs. | $200.00/hr. | 240.00 |
|  |  |  |  |
| **TOTAL** | **67.60 hrs.** |  | **$34,522.00** |

6.      Attached hereto as Exhibit "B" is a statement of legal services rendered.  The

services are listed chronologically and are separated by activity.  Certain time entries could have

been listed under a different activity, but there is no duplication of time entries.  The services

were rendered in connection with and in furtherance of assisting the Trustee in the performance

of his duties as delineated by §704 of the Bankruptcy Code.  This application complies with the

standards enunciated in *In re Continental Securities Litigation*, 572 F. Supp. 931 (N.D. Ill. 1983)

modified 692 F.2d 766 (7th Cir. 1992).

7.      At all times relevant hereto, Much Shelist provided legal services in the most

efficient and cost effective manner.  Much Shelist's goal was to obtain a positive resolution of the

matter at hand, while in the process minimizing the costs to the estate.

2

8.      During the time period covered by this application, Much Shelist's attorneys have

provided services to the Trustee with respect to the following matters:

A.      **General Administration (Tab B-1)**:  Much Shelist provided 15.00 hours of

general administrative services to the Trustee.  At the time the Debtor filed his Chapter 11 case,

he was a party to a Petition for Dissolution of Marriage filed by Suzanne L. McAulay ("Ms.

McAulay"), his non-debtor spouse, pending in the Circuit Court of Cook County, Illinois,

County Department, Domestic Relations Division (the "Divorce Case").  Ben Schneider, the

attorney who represented the Debtor in his Chapter 11 case, filed a motion to withdraw his

appearance and Lester Ottenheimer substituted his appearance as Debtor's counsel subsequent to

the conversion of this case to a Chapter 7 case.

Counsel reviewed and appeared in Court for hearings held on the withdrawal and

substitution of Debtor's counsel.  Counsel also reviewed pleadings and appeared in Court for

hearings held on CitiMortgage's motion for relief from stay relating to the Debtor's real estate

located in Atlanta, Georgia.  The stay relief motion was ultimately withdrawn in connection with

the Trustee's sale of his right, title and interest in and to the subject real estate and other parcels

of real estate.  A further discussion about the real estate sale is provided in the Disposition of

Assets section of this application.  Counsel was also involved in telephonic and written

communications with Ms. McAulay's attorneys with respect to the Divorce Case.  Prior to the

conversion of this case to a case under Chapter 7, this Court entered an Order granting Ms.

McAulay's motion to lift the automatic stay to allow the Divorce Case to proceed.

Much Shelist attorneys also expended time dealing with a tax lien placed on Debtor's

primary residence by the Illinois Department of Revenue (the "IDOR").  Counsel for the Debtor

filed an objection to the IDOR lien on the basis it violated the Bankruptcy Stay and subsequently

3

filed a Motion for Sanctions.  Much Shelist attorneys reviewed the Debtor's Motion for

Sanctions, the IDOR's Response to same and the Debtor's Reply.  Time was also spent attending

the hearings on same.  In the end, an Order denying the Debtor's Motion for Sanctions was

entered.  Finally, counsel expended time reviewing a motion for relief from the automatic stay

filed by the lender which held the mortgage against the Debtor's residence in Des Plaines,

Illinois.

  The individuals who provided services in connection with General Administrative

Matters and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 2.40 hrs. | $625.00/hr. | $1,500.00 |
| Jeffrey L. Gansberg | .40 hrs. | $430.00/hr. | 172.00 |
| John A. Benson, Jr. | 12.20 hrs. | $350.00/hr. | 4,270.00 |
|  |  |  |  |
| **TOTAL:** | **15.00 hrs.** |  | **$5,042.00** |

  **B.**   **Employment of Professionals (Tab B-2)**:  A total of 4.70 hours of time was

expended by Much Shelist with the preparation of pleadings and appearances in Court on the

Trustee's Motion to Employ Attorneys and Trustee's Motion to Employ Accountants.  Much

Shelist attorneys communicated with Trustee's accountant with respect to assets sold and the

preparation of its engagement letter and affidavit.  Time was also spent reviewing an appearance

for Debtor's attorney and a motion to withdraw as counsel.  The individuals who provided

services in connection with the Employment of Professionals and the time expended by them are

as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 2.50 hrs. | $625.00/hr. | $1,562.50 |
| Jeffrey M. Schwartz | .90 hrs. | $575.00/hr. | 517.50 |
| John A. Benson, Jr. | 1.30 hrs. | $350.00/hr. | 455.00 |
|  |  |  |  |
| **TOTAL:** | **4.70 hrs.** |  | **$2,535.00** |

   C.   **Disposition of Assets (Tab B-3)**:  A total of 24.70 hours of time was expended by
Much Shelist in connection with the disposition of the assets of this estate.  At the Section 341
meeting, the Trustee discovered, among other things, (i) that the Debtor and Ms. McAulay
owned numerous parcels of real estate, some as marital property and some non-marital property,
and (ii) that there might be equity in certain parcels of real estate which could be sold to provide
a benefit to unsecured creditors.  The Debtor's and Ms. McAulay's interests in these parcels of
real estate were also subject to the jurisdiction of the Court in the Divorce Case.  Ultimately, the
Trustee determined that there were five parcels of real estate owned by the Debtor which had a
value above the Debtor's claimed exemptions.  Much Shelist attorneys negotiated and reviewed a
written offer from the Debtor to purchase the Trustee's right, title and interest in the five parcels
of real estate which had value above the Debtor's exemption claim.  The funds which the Debtor
used to purchase the Trustee's interest in the subject real estate were made available as a result of
a Marital Settlement Agreement negotiated by the Debtor's and Ms. McAulay's divorce
attorneys and which was ultimately approved by the Divorce Court.  Much Shelist was involved
in telephonic and written communications with the Debtor's bankruptcy and divorce attorneys
and Ms. McAulay's attorneys with respect to the Debtor's purchase of the subject real estate
from the Trustee.  Counsel also reviewed and participated in the drafting of the Marital
Settlement Agreement, particularly with respect to the funds to be made available to the Debtor,
as well as the mutual releases and waiver of Ms. McAulay's interest in the subject real estate as
well as any claims she might have against the Debtor's bankruptcy estate.

   Subsequent to the entry of the Judgment for Dissolution of Marriage and the Divorce
Court's approval of the Martial Settlement Agreement, Much Shelist counsel prepared and

5

appeared in court on the Trustee's Motion for Authority to Sell his Right, Title and Interest in

and to certain parcels of real estate to the Debtor for the sum of $60,000.

The individuals who provided services with respect to this matter and the time expended

them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 12.50 hrs. | $625.00/hr. | $7,812.50 |
| John A. Benson, Jr. | 11.00 hrs. | $350.00/hr. | 3,850.00 |
| Sandy Holstrom | 1.20 hrs. | $200.00/hr. | 240.00 |
| | | | |
| **TOTAL:** | **24.70 hrs.** | | **$11,902.50** |

**D.**    **Claims Administration/Analysis (Tab B-4)**:  A total of 13.60 hours of time was

spent reviewing the claims register and proofs of claims with respect to possible objections to

secured claims filed by the following:  Wells Fargo, CitiMortgage and Federal National

Mortgage Association ("FNMA"), the IRS and IDOR.  Much Shelist attorneys reviewed

documents pertaining to liens held on the Real Property owned by the Debtor and engaged in

numerous telephonic and written communications with the Debtor's counsel regarding handling

the objection to the claims of the IRS and IDOR and the resolution of same.  Much Shelist

attorneys engaged in written communications with counsel for Wells Fargo, CitiMortgage and

FNMA requesting that their secured claims be allowed as unsecured.  The secured claims held by

Wells Fargo, CitiMortgage and FNMA were either withdrawn or allowed as general unsecured

claims for purposes of distribution.  The individuals who provided services in connection with

Claims Administration/Analysis and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 12.30 hrs. | $625.00/hr. | $7,687.50 |
| John A. Benson, Jr. | 1.30 hrs. | $350.00/hr. | 455.00 |
| | | | |
| **TOTAL:** | **13.60 hrs.** | | **$8,142.50** |

6

    **E.**    <u>**Tax Issues (Tab B-5)**</u>:  Much Shelist expended 5.70 hours of time with respect to Tax Issues.  Much Shelist attorneys spent time reviewing the Debtor's Chapter 11 operating reports, schedules and the claim of the IRS.  Attorneys for Much Shelist communicated with the Trustee's accountant and attended meetings to discuss background information needed for tax preparation, reviewed notices regarding the Debtor's objections to the IRS claim and reviewed Debtor's tax returns for real estate rent receipts and property valuations.  Much Shelist attorneys engaged in telephonic communications with the Debtor's former accountant and counsel for the U.S. Attorney's office with regards to the IRS claim and reviewed the Debtor's amended tax return for the year 2009.  Time was also spent on the review and transmittal of 2014 state and federal tax returns.  The individuals who provided services in connection with Claims Administration/Analysis and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 5.70 hrs. | $625.00/hr. | $3,562.50 |
| | | | |
| **TOTAL:** | **5.70 hrs.** | | **$3,562.50** |

    **F.**    <u>**Fee Applications (Tab B-6)**</u>:  Much Shelist expended 3.90 hrs. dealing with the preparation of Much Shelist and the accountant's fee application.

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 3.90 hrs. | $625.00/hr. | $2,437.50 |
| | | | |
| **TOTAL:** | **3.90 hrs.** | | **$2,437.50** |

    9.    During the time period covered by this Application, Much Shelist incurred out-of-pocket expenses in the amount of $77.60.  Attached hereto as Exhibit "C" is an itemization of Much Shelist's out-of-pocket expenses.  Much Shelist asserts that these out-of-pocket expenses were reasonable in its representation of the Trustee.

10.     The services rendered by Much Shelist as the Trustee's attorney have resulted in a benefit to the Trustee and to the creditors of this estate.  There will be funds available to distribute on account of priority tax claims. By reason of the foregoing, Much Shelist states that it is entitled to a final award of compensation and reimbursement of out-of-pocket expenses for services rendered to the Trustee in this matter.

**WHEREFORE**, Much Shelist, P.C. respectfully requests that this Court enter an Order as follows:

1.     Granting this Application and awarding Much Shelist final compensation in the amount of $34,522.00 plus reimbursement of out-of-pocket expenses in the amount of $77.60 for services rendered during the period May 5, 2014 through November 4, 2015.

2.     Authorizing the Trustee to pay Much Shelist the compensation awarded forthwith as a Chapter 7 expense of administration of this estate; and

3.     Granting such other and further relief as this Court deems just and appropriate.

**Much Shelist, P.C.**


By: /s/ Norman B. Newman
　　　　One of Its Attorneys


Norman B. Newman (Atty. ID# 02045427)
**Much Shelist, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
312-521-2000

8

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 7** |
| | ) | **Case No. 13-33371** |
| **TERRENCE MOOTOO,** | ) | |
| | ) | **Hon. Jacqueline P. Cox** |
| Debtors. | ) | **Hearing:  Thurs., 01/14/16 @ 9:30 a.m.** |

### COVER SHEET FOR APPLICATION FOR PROFESSIONAL SERVICES

Name of Applicant:                                      Much Shelist, P.C.

Authorized to provide professional services to:      Norman B. Newman, Chapter 7 Trustee

Date of Order Authorizing Employment:              May 14, 2014

Period for which compensation is sought:            May 5, 2014 through November 4, 2015

Amount of fees sought:                                $34,522.00

Amount of expense reimbursement sought:          $77.60

Retainer previously received:                          $0.00

This is a(n):                    Interim Application  ___        Final Application  X

Prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| | | | | |

        The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00

Dated:  12/2/15                                         **MUCH SHELIST, P.C.**

                                                        By:  /s/Norman B. Newman

9