December 6, 2015

13-33371

Attention: U.S. Trustee Bankruptcy Fraud

RE: Complaint regarding unethical and inappropriate conduct by Attorney Norman B. Newman

By email to: USTP.Bankruptcy.Fraud@usdoj.gov

With mailed copies to:

Executive Office for U.S. Trustees
Office of Criminal Enforcement
441 G Street, NW
Suite 6150
Washington, DC 20530

**PATRICK S. LAYNG**
**UNITED STATES TRUSTEE (REGION 11)**
219 S. DEARBORN STREET, SUITE 873
CHICAGO, IL 60604
**Phone**: 312-886-5785 **Fax**: 312-886-5794

My name is Terrence H. Mootoo. I reside at 489 Good Avenue, Des Plaines Illinois 60016. I can be reached at 847-208-5782. My email tmootoo@yahoo.com.

The lawyer I would like you to investigate is:

Norman B. Newman

Principal

P. 312.521.2492

F. 312.521.2392

E. nnewman@muchshelist.com

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

DEC 11 2015

JEFFREY P. ALLSTEADT, CLERK
TEAM - CA

His law firm's of Much and Shelist address is:

191 North Wacker Drive, Suite 1800
Chicago, IL 60606.1615
Phone: 312.521.2000
Fax: 312.521.2100

General E-mail
info@muchshelist.com

I believe he should be investigated for the following regarding my chapter 7 bankruptcy case:

He ( acting as trustee) appointed his own firm where he is a principal and where he has a financial interest to oversee the assets in my chapter 7 case. I gave him a check for $60,000 and he took the statutory amount of $6250 plus his firm took over $34,000 leaving practically nothing for my priority secured creditors ( the IRS and the state of Illinois). Please see the attached distribution of assets. How can this be ethical or appropriate in any way? According to the US trustee program he should not have a personal financial interest in the case and I think this is a misappropriation of plan funds and he is inappropriately involved in a relationship with the party that he named to be a part of the case. I have asked my bankruptcy attorney representing me in this case to speak to him about the excessive fees and was told by both them (both Craig Bizar and Joe Doyle) at Bizar & Doyle LLC that "they have to work with Norm Newman on other cases for their practice so they are reluctant to challenge him on his fees'. This leads me to believe that Norm is exerting undue influence as a bankruptcy trustee and should be investigated.

Please let me know if you need anything else to investigate Norman B. Newman. Also please assure me that there will be no retaliation by him on my bankruptcy case. I just think that the statutory $6250 fee is more than enough to compensate him and he should not be entitled to the $34,000 as he did absolutely nothing to collect or administer the assets as I cashed in my 401K for the total amount and handed him a check.

Bizar & Doyle LLC contact information is :

123 W. Madison Street, Suite 205, Chicago, IL 60602

(888) 536-0213


Sincerely,

[signature]

Terrence Mootoo

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: MOOTOO, TERRENCE | § Case No. 13-33371 |
| | § |
| | § |
| Debtor(s) | § |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on August 21, 2013. The undersigned trustee was appointed on April 30, 2014.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of           $           60,000.00

   Funds were disbursed in the following amounts:
   | | |
   |---|---:|
   | Payments made under an interim distribution | 0.00 |
   | Administrative expenses | 2,521.54 |
   | Bank service fees | 1,077.42 |
   | Other payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Exemptions paid to the debtor | 0.00 |
   | Other payments to the debtor | 0.00 |
   | Leaving a balance on hand of[1]    $ | 56,401.04 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 01/05/2015 and the deadline for filing governmental claims was 02/17/2014. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $6,250.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $6,250.00, for a total compensation of $6,250.00.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 11/05/2015          By: /s/NORMAN NEWMAN
                              Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 1

**Case Number:** 13-33371  
**Case Name:** MOOTOO, TERRENCE  
**Period Ending:** 11/05/15

**Trustee:** (330270) NORMAN NEWMAN  
**Filed (f) or Converted (c):** 04/29/14 (c)  
**§341(a) Meeting Date:** 05/27/14  
**Claims Bar Date:** 01/05/15

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Ref. # | Asset Description (Scheduled And Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | REAL PROPERTY (489 GOOD, DES PLAINES) | 175,000.00 | 0.00 | | 12,000.00 | FA |
| 2 | REAL PROPERTY (21 W. GOETHE, CHICAGO) | 62,500.00 | 0.00 | | 12,000.00 | FA |
| 3 | REAL PROPERTY (123 LUCKY ST. ATLANTA, GA) | 60,000.00 | 0.00 | | 12,000.00 | FA |
| 4 | REAL PROPERTY (4515 BRIAR, HOUSTON, TX) | 55,000.00 | 0.00 | | 12,000.00 | FA |
| 5 | REAL PROPERTY (555 W. CORNELIA, CHICAGO, IL) Equitable Interest Wife's Property | 75,000.00 | 9,470.22 | | 0.00 | FA |
| 6 | REAL PROPERTY ( 140 CHMIN, MON-TREMBLANT, QC) | 41,500.00 | 0.00 | | 12,000.00 | FA |
| 7 | CHECKING ACCOUNT - CHASE | 250.00 | 250.00 | | 0.00 | FA |
| 8 | CHECKING ACCOUNT - CHASE | 2.50 | 2.50 | | 0.00 | FA |
| 9 | CHECKING ACCOUNT - CHASE | 2.50 | 2.50 | | 0.00 | FA |
| 10 | CHECKING ACCOUNT - CHASE BUSINESS | 175.00 | 175.00 | | 0.00 | FA |
| 11 | CHECKING ACCOUNT - CHASE BUSINESS | 1.65 | 1.65 | | 0.00 | FA |
| 12 | CHECKING ACCOUNT - CHASE BUSINESS | 8.00 | 8.00 | | 0.00 | FA |
| 13 | E-TRADE SAVINGS | 50.00 | 50.00 | | 0.00 | FA |
| 14 | BANK ACCOUNT - NATIONAL BANK OF CANADA | 250.00 | 250.00 | | 0.00 | FA |
| 15 | CHECKING ACCOUNT - WELLS FARGO | 34.00 | 34.00 | | 0.00 | FA |
| 16 | ING SAVINGS ACCOUNT WIFE'S ACCOUNT | 20,000.00 | 16,000.00 | | 0.00 | FA |
| 17 | CHECKING ACCOUNT WIFE'S ACCOUNT | 10,000.00 | 10,000.00 | | 0.00 | FA |
| 18 | CERTIFICATE OF DEPOSIT - CHASE WIFE'S | 2,500.00 | 2,500.00 | | 0.00 | FA |
| 19 | FURNITURE | 25,000.00 | 25,000.00 | | 0.00 | FA |
| 20 | CLOTHING | 1,000.00 | 0.00 | | 0.00 | FA |
| 21 | JEWWLRY | 36,000.00 | 36,000.00 | | 0.00 | FA |
| 22 | 401(K) PLAN | 216.00 | 0.00 | | 0.00 | FA |

Printed: 11/05/2015 10:59 AM  V.13.25

Exhibit A

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 2

**Case Number:** 13-33371  
**Case Name:** MOOTOO, TERRENCE  

**Period Ending:** 11/05/15

**Trustee:** (330270) NORMAN NEWMAN  
**Filed (f) or Converted (c):** 04/29/14 (c)  
**§341(a) Meeting Date:** 05/27/14  
**Claims Bar Date:** 01/05/15

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Ref. # | Asset Description (Scheduled And Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 23 | FIDELITY RETIREMENT ACCOUNT | 6,500.00 | 0.00 | | 0.00 | FA |
| 24 | TG AMERITRADE ACCOUNT | 0.00 | 0.00 | | 0.00 | FA |
| 25 | FIDELITY TRADING ACCOUNT | 0.00 | 0.00 | | 0.00 | FA |
| 26 | FIDELITY 401(K) WIFES | 60,000.00 | 0.00 | | 0.00 | FA |
| 27 | FIDELITY IRA | 4,000.00 | 4,000.00 | | 0.00 | FA |
| 28 | E-TRADE ACCOUNT | 9,000.00 | 9,000.00 | | 0.00 | FA |
| 29 | 100% SHARES OF RED CARPET REALTY, LLC | 0.00 | 0.00 | | 0.00 | FA |
| 30 | 50% SHARES OF TERRENCE H. MOOTOO, ESQ., LLC | 0.00 | 0.00 | | 0.00 | FA |
| 31 | 40% SHARES OF BALADOCHE, LLC | 0.00 | 0.00 | | 0.00 | FA |
| 32 | 50% PROCEEDS FROM SALE OF 3020 N. GRESHAM, CHICAG | Unknown | Unknown | | 0.00 | FA |
| 33 | AUTOMOBILE - 2012 TOYOTA RAV-4 WIFES | Unknown | Unknown | | 0.00 | FA |
| 34 | AUTOMOBILE - 2013 VOLKSWAGON | 35,000.00 | 35,000.00 | | 0.00 | FA |
| 34 | Assets Totals (Excluding unknown values) | $678,989.65 | $147,743.87 | | $60,000.00 | $0.00 |

**Major Activities Affecting Case Closing:**

Sold interest in real estate.

**Initial Projected Date Of Final Report (TFR):** July 31, 2015      **Current Projected Date Of Final Report (TFR):** November 30, 2015

Printed: 11/05/2015 10:59 AM    V.13.25

Exhibit B

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

| Case Number: | 13-33371 | | Trustee: | NORMAN NEWMAN (330270) |
|---|---|---|---|---|
| Case Name: | MOOTOO, TERRENCE | | Bank Name: | RABOBANK, N.A. |
| | | | Account: | ******5266 - Checking Account |
| Taxpayer ID #: | **-***0175 | | Blanket Bond: | $5,000,000.00 (per case limit) |
| Period Ending: | 11/05/15 | | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|---|
| 10/02/14 | | Terrence Mootoo | Trustee's Interest in Real Properties- Order Entered 7/31/14 | | | 60,000.00 | | 60,000.00 |
| | {1} | | Real Property- 489 Good Ave., DesPlaines, IL | 12,000.00 | 1110-000 | | | 60,000.00 |
| | {2} | | Real Property-21 W. Goethe, #17, Chicago, IL | 12,000.00 | 1110-000 | | | 60,000.00 |
| | {3} | | Real Property - 123 Lucky St., Atlanta, GA | 12,000.00 | 1110-000 | | | 60,000.00 |
| | {4} | | Real Property - 4515 Brian Hollow Pl., #311, Houston, TX | 12,000.00 | 1110-000 | | | 60,000.00 |
| | {6} | | Real Property-140 Chemin au Pied de la Montagne, #203, Mont-Tremblant, QC | 12,000.00 | 1110-000 | | | 60,000.00 |
| 10/31/14 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 80.54 | 59,919.46 |
| 11/21/14 | 101 | MILLER COOPER | RETAINER | | 3410-000 | | 2,500.00 | 57,419.46 |
| 11/28/14 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 77.44 | 57,342.02 |
| 12/31/14 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 93.47 | 57,248.55 |
| 01/30/15 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 82.34 | 57,166.21 |
| 02/11/15 | 102 | Adams Levine | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 02/11/2015 FOR CASE #13-33371, Bond Number 10BSBGR6291 Voided on 02/11/15 | | 2300-000 | | 21.07 | 57,145.14 |
| 02/11/15 | 102 | Adams Levine | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 02/11/2015 FOR CASE #13-33371, Bond Number 10BSBGR6291 Voided: check issued on 02/11/15 | | 2300-000 | | -21.07 | 57,166.21 |
| 02/11/15 | 103 | INTERNATIONAL SURETIES, LTD. | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 02/11/2015 FOR CASE #13-33371, Bond Number 10BSBGR6291 Voided on 02/11/15 | | 2300-000 | | 21.54 | 57,144.67 |
| 02/11/15 | 103 | INTERNATIONAL SURETIES, LTD. | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 02/11/2015 FOR CASE #13-33371, Bond Number 10BSBGR6291 Voided: check issued on 02/11/15 | | 2300-000 | | -21.54 | 57,166.21 |
| 02/11/15 | 104 | ARTHUR B. LEVINE COMPANY | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 02/11/2015 FOR CASE #13-33371, BOND NUMBER 10BSBGR6291 | | 2300-000 | | 21.54 | 57,144.67 |

Subtotals : $60,000.00 $2,855.33

{} Asset reference(s)

Printed: 11/05/2015 10:59 AM V.13.25

Exhibit B

# Form 2

Page: 2

## Cash Receipts And Disbursements Record

| Case Number: | 13-33371 | | Trustee: | NORMAN NEWMAN (330270) |
| Case Name: | MOOTOO, TERRENCE | | Bank Name: | RABOBANK, N.A. |
| | | | Account: | ******5266 - Checking Account |
| Taxpayer ID #: | **-***0175 | | Blanket Bond: | $5,000,000.00  (per case limit) |
| Period Ending: | 11/05/15 | | Separate Bond: | N/A |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Checking Account Balance |
| 02/27/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 76.74 | 57,067.93 |
| 03/31/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 87.55 | 56,980.38 |
| 04/30/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 81.95 | 56,898.43 |
| 05/29/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 79.11 | 56,819.32 |
| 06/30/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 87.17 | 56,732.15 |
| 07/31/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 84.32 | 56,647.83 |
| 08/31/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 78.76 | 56,569.07 |
| 09/30/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 86.79 | 56,482.28 |
| 10/30/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 81.24 | 56,401.04 |

|  | ACCOUNT TOTALS | 60,000.00 | 3,598.96 | $56,401.04 |
|---|---|---|---|---|
|  | Less: Bank Transfers | 0.00 | 0.00 | |
|  | **Subtotal** | **60,000.00** | **3,598.96** | |
|  | Less: Payments to Debtors | | 0.00 | |
|  | **NET Receipts / Disbursements** | **$60,000.00** | **$3,598.96** | |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| Checking # ******5266 | 60,000.00 | 3,598.96 | 56,401.04 |
| | $60,000.00 | $3,598.96 | $56,401.04 |

{} Asset reference(s)    Printed: 11/05/2015 10:59 AM    V.13.25

# EXHIBIT C
## ANALYSIS OF CLAIMS REGISTER

Claims Bar Date: January 5, 2015

**Case Number:** 13-33371  
**Debtor Name:** MOOTOO, TERRENCE  

Page: 1

**Date:** November 5, 2015  
**Time:** 10:59:54 AM

| Claim # | Creditor Name & Address | Claim Type | Claim Ref. No. / Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| MC-F 199 | MILLER COOPER<br>1751 LAKE COOK ROAD<br>SUITE 400<br>DEERFIELD, IL 60015 | Admin Ch. 7 | | $2,854.50 | $2,500.00 | 354.50 |
| 14 200 | United States Trustee<br>219 S. Dearborn Street<br>Suite 873<br>Chicago, IL 60604 | Admin Ch. 7 | | $975.00 | $0.00 | 975.00 |
| NBN 200 | NORMAN B. NEWMAN, TRUSTEE<br>Much Shelist, P.C.<br>191 N. Wacker Drive, #1800<br>Chicago, IL 60606 | Admin Ch. 7 | | $6,250.00 | $0.00 | 6,250.00 |
| MS-E 200 | MUCH SHELIST, P.C.<br>191 N. Wacker Drive, Suite 1800<br>Chicago, IL 60606 | Admin Ch. 7 | | $77.60 | $0.00 | 77.60 |
| MS-F 200 | MUCH SHELIST, P.C.<br>191 N. Wacker Drive, Suite 1800<br>Chicago, IL 60606 | Admin Ch. 7 | | $34,522.00 | $0.00 | 34,522.00 |
| 12 500 | Suzanne McAulay<br>c/o Foley & Lardner LLP, attn: Geoffrey s. Goodman, Esq., 321 N. Clark St., Ste.<br>Chicago, IL 60417 | Priority | | $0.00 | $0.00 | 0.00 |
| 1 570 | Internal Revenue Service<br>Attn. R. Vega<br>P.O. Box 7317<br>Philadelphia, PA 19101-7317 | Priority | | $44,550.65 | $0.00 | 44,550.65 |
| 15 570 | Illinois Department of Revnue<br>Bankruptcy Section<br>P.O. Box 64338<br>Chicago, IL 60664-3058 | Priority | 8029 | $6,184.38 | $0.00 | 6,184.38 |
| 3 100 | Wells Fargo Home Mortgage<br>1 Home Campus<br>Attn. Payment Processing MAC#X2302-04C<br>Des Moines, IA 50328 | Secured | 8056<br>Claim was withdrawn on 10/20/15. See Docket #135 | $0.00 | $0.00 | 0.00 |
| 10 100 | CitiMortgage Inc.<br>P.O. Box 6888971<br>Des Moines, IA 50368-8971 | Secured | 5783<br>Claim was withdrawn on 10/30/15. See Docket #137 | $0.00 | $0.00 | 0.00 |
| 13 100 | Seterus, Inc.<br>FNMA<br>P.O. Box 2008<br>Grand Rapids, MI 49501-2008 | Secured | 8296<br>Claim was withdrawn. See Docket #136 | $0.00 | $0.00 | 0.00 |
| 2 610 | Di Giacomo & Somers, LLC<br>Attn: Carol A. Di Giacomo<br>191 Waukegan Road, Suite 104<br>Northfield, IL 60093 | Unsecured | | $15,061.12 | $0.00 | 15,061.12 |

# EXHIBIT C
## ANALYSIS OF CLAIMS REGISTER

Claims Bar Date: January 5, 2015

Case Number: 13-33371  
Debtor Name: MOOTOO, TERRENCE

Page: 2

Date: November 5, 2015  
Time: 10:59:54 AM

| Claim # | Creditor Name & Address | Claim Type | Claim Ref. No. / Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 5 610 | Capital One Bank (USA), N.A.<br>American InfoSource, as Agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | 9838 OR 0376 | $15,497.73 | $0.00 | 15,497.73 |
| 6 610 | American Express Bank, FSB<br>c/o Becket and Lee LLP<br>P.O. Box 3001<br>Malvern, PA 19355-0701 | Unsecured | 1004 | $8,190.36 | $0.00 | 8,190.36 |
| 7 610 | American Express Bank, FSB<br>c/o Becket and Lee LLP<br>P.O. Box 3001<br>Malvern, PA 19355-0701 | Unsecured | 1009 | $2,074.40 | $0.00 | 2,074.40 |
| 8 610 | ALTAIR OH XIII, LLC<br>c/o WEINSTEIN AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121 | Unsecured | 2571 | $7,127.71 | $0.00 | 7,127.71 |
| 9 610 | ALTAIR OH XIII, LLC<br>c/o WEINSTEIN AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121 | Unsecured | 5301 | $50,759.01 | $0.00 | 50,759.01 |
| 11 610 | CitiMortgage, Inc.<br>P.O. Box 6030<br>Sioux Falls, SD 57117-6030 | Unsecured | 5251<br>Signed off on letter agreement allowing claim as general unsecured. | $143,314.32 | $0.00 | 143,314.32 |
| 16 610 | Di Giacomo & Somers, LLC<br>Attn: Carol A. Di Giacomo<br>191 Waukegan Road, Suite 104<br>Northfield, IL 60093 | Unsecured | R481 | $692.01 | $0.00 | 692.01 |
| 17 610 | Di Giacomo & Somers, LLC<br>Attn: Carol A. Di Giacomo<br>191 Waukegan Road, Suite 104<br>Northfield, IL 60093 | Unsecured | 7461 | $1,067.01 | $0.00 | 1,067.01 |
| 18 610 | Di Giacomo & Somers, LLC<br>Attn: Carol A. Di Giacomo<br>191 Waukegan Road, Suite 104<br>Northfield, IL 60093 | Unsecured | 9561 | $15,391.12 | $0.00 | 15,391.12 |
| 1 630 | Internal Revenue Service<br>Attn. R. Vega<br>P.O. Box 7317<br>Philadelphia, PA 19101-7317 | Unsecured | | $28,923.77 | $0.00 | 28,923.77 |
| << Totals >> | | | | 383,512.69 | 2,500.00 | 381,012.69 |

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-33371
Case Name: MOOTOO, TERRENCE
Trustee Name: NORMAN NEWMAN

**Balance on hand:** $ 56,401.04

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 3 | Wells Fargo Home Mortgage | 60,171.03 | 0.00 | 0.00 | 0.00 |
| 10 | CitiMortgage Inc. | 305,278.35 | 0.00 | 0.00 | 0.00 |
| 13 | Seterus, Inc. | 77,121.50 | 0.00 | 0.00 | 0.00 |

Total to be paid to secured creditors:   $    0.00
Remaining balance:   $    56,401.04

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - NORMAN B. NEWMAN, TRUSTEE | 6,250.00 | 0.00 | 6,250.00 |
| Attorney for Trustee, Fees - MUCH SHELIST, P.C. | 34,522.00 | 0.00 | 34,522.00 |
| Attorney for Trustee, Expenses - MUCH SHELIST, P.C. | 77.60 | 0.00 | 77.60 |
| Accountant for Trustee, Fees - MILLER COOPER | 2,854.50 | 2,500.00 | 354.50 |
| Fees, United States Trustee | 975.00 | 0.00 | 975.00 |

Total to be paid for chapter 7 administration expenses:   $    42,179.10
Remaining balance:   $    14,221.94

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses:   $    0.00
Remaining balance:   $    14,221.94

UST Form 101-7-TFR (05/1/2011)

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $50,735.03 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Internal Revenue Service | 44,550.65 | 0.00 | 12,488.35 |
| 15 | Illinois Department of Revnue | 6,184.38 | 0.00 | 1,733.59 |

Total to be paid for priority claims:    $    14,221.94
Remaining balance:    $    0.00

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 259,174.79 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | Di Giacomo & Somers, LLC | 15,061.12 | 0.00 | 0.00 |
| 5 | Capital One Bank (USA), N.A. | 15,497.73 | 0.00 | 0.00 |
| 6 | American Express Bank, FSB | 8,190.36 | 0.00 | 0.00 |
| 7 | American Express Bank, FSB | 2,074.40 | 0.00 | 0.00 |
| 8 | ALTAIR OH XIII, LLC | 7,127.71 | 0.00 | 0.00 |
| 9 | ALTAIR OH XIII, LLC | 50,759.01 | 0.00 | 0.00 |
| 11 | CitiMortgage, Inc. | 143,314.32 | 0.00 | 0.00 |
| 16 | Di Giacomo & Somers, LLC | 692.01 | 0.00 | 0.00 |
| 17 | Di Giacomo & Somers, LLC | 1,067.01 | 0.00 | 0.00 |
| 18 | Di Giacomo & Somers, LLC | 15,391.12 | 0.00 | 0.00 |

Total to be paid for timely general unsecured claims:    $    0.00
Remaining balance:    $    0.00

UST Form 101-7-TFR (05/1/2011)

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for tardy general unsecured claims: $ 0.00
Remaining balance: $ 0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 28,923.77 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Internal Revenue Service | 28,923.77 | 0.00 | 0.00 |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00

UST Form 101-7-TFR (05/1/2011)